Shaokeleord, J.,
delivered the opinion of the Court.
*112 This is an appeal from the decision of the Circuit Judge, holding the Court for Anderson, in refusing to let the plaintiff in error appear as a practicing attorney, in that Court.
On the 13th of November, 1866, the Judge assigned to hold the Circuit Court of Anderson County, during the session of the Court, made an order of record: “The attorneys, practicing in this Court, shall take and subscribe the following oath, before they will be permitted to practice, to-wit: “I do solemnly swear, that I will support the Constitution of the United States; also the Constitution of the State of Tennessee. I do further swear, that I will support the amendments and the Schedule, adopted by the people of Tennessee, on the 22d of February, 1865, and all laws enacted by the Legislature, under the Constitutional Amendments, and Schedule, until declared void by the Supreme Court of the State; and that I will well and truly demean myself as an attorney of this Court.” During the session of the Court, the plaintiff in error, as an attorney of the Court, was prohibited from appearing in the Court, unless he would take the oath prescribed.
A motion was made, by the plaintiff in error, to appear as an attorney. On the trial it was admitted the name of the plaintiff in error, was enrolled on the records as an attorney of the Court — that he was regularly licensed as an attorney, according to the laws of the State. At the September Term, 1865, of the Supreme Court of the State, at Knoxville, he was regularly admitted as a practicing attorney of that Court;» *113 that he had, at that term of the Court, taken the oath required by law for attorneys.
Upon argument, His Honor, the Circuit Judge, overruled the motion, and refused to let the plaintiff appear as an attorney in the Court, unless he would take the oath prescribed in the order. For overruling plaintiff’s application, he has appealed to this Court.
The only question presented for our consideration, is, had the Circuit Judge, holding the Court, the right to prescribe any other oath than that fixed by law, for the admission of attorneys practicing in the Courts? °
The Legislature has provided, by law, for the admission of attorneys to practice law in the several Courts of the State. Section 3965 of the Code, provides: “No person shall practice as an attorney or counsel, in any of the .Courts of this State, without a license obtained for that purpose, and without having taken an oath, in open Court, to support the Constitution of the State and the United States, and to truly and honestly demean himself, in the practice of his profession, to the best of his skill and ability.” Section 3966, provides: “The applicant, to practice law in this State, shall procure the certificate from the County Court, that he is twenty-one years of age, and that he is a man of good reputation.” Section 3967, provides: “Any two Judges or Chancellors of this State, may examine the applicant, touching his legal acquirements, and that he is of good character, and may grant him license to practice law in the several counties of this State.”
*114 It appears, from the records of the Court, the plaintiff in error had been admitted as a practising lawyer in' that Court, and that he was a regular licensed attorney of this State; and having taken the oath required by law, as prescribed by sec. 3965, and was enrolled as an attorney, the Judge holding the Court had no right to impose other conditions than those embraced in sec. 3965.
The oath prescribed by the Judge, was unauthorized by law, and his. refusal to let plaintiff in error appear as attorney in Court, unless he complied with the orders of the Court, was equivalent to striking his name from the list of attorneys; and, in so ruling» His Honor erred; from which order of the Court, the plaintiff in error had the right of appeal. Section 3965 of the Code, having prescribed the terms upon which licensed attorneys shall - appear and practice in the several Courts of this State, no Court has the right to affix other conditions than those imposed by law.
We are, therefore, of opinion, His Honor erred in refusing to let the plaintiff in error appear as an attorney of this Court.
The judgment of the Court will be reversed, ana the plaintiff in error be admitted as a practising attorney of the Court.